IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **SHIRLEY M. AYERS JORDAN** | § | **PLAINTIFF** |
| | § | |
| **V.** | § | **Civil No. 1:11CV72HSO-JMR** |
| | § | |
| **BARNHILL'S BUFFET, INC.** | § | **DEFENDANT** |

### MEMORANDUM OPINION AND ORDER
### DENYING PLAINTIFF'S MOTION TO REMAND

THIS CAUSE COMES BEFORE THE COURT upon the Motion of Shirley Ayers Jordan ["Plaintiff"] filed April 8, 2011 [8-1], to Remand the above styled and numbered civil action to the Circuit Court of Jackson County, Mississippi. Defendant Barnhill's Buffet, Inc. ["Defendant"], filed a Response in Opposition [9-1], on April 25, 2011. Plaintiff filed a Reply on May 5, 2011 [11-1]. The Court, having considered the pleadings on file, the briefs and arguments of the parties, and the relevant legal authorities, finds that Plaintiff's Motion to Remand should be denied.

### I. FACTS AND PROCEDURAL HISTORY

On December 18, 2004, Plaintiff fell on the premises of Defendant's restaurant located in Moss Point, Mississippi. Plaintiff filed this lawsuit on December 18, 2008, in the Circuit Court of Jackson County, Mississippi. Compl. ¶ 3, att. as Ex. 2 to Notice of Removal, at pp. 104-105. On March 19, 2008, prior to the filing of Plaintiff's Complaint, Defendant filed a Suggestion of Bankruptcy in state court. Suggestion of Bankruptcy, att. as Ex. 2 to Notice of Removal, at pp. 53-54. On August 25, 2010, the Bankruptcy Court entered an Agreed Order Granting

-1-

Plaintiff relief from the Automatic Stay. Order, att. as Ex. 2 to Notice of Removal, at p. 40.

On December 22, 2010, Defendant propounded Requests for Admission to Plaintiff. Plaintiff's Response to the Request for Admission was served on February 2, 2011, wherein she denied that she was not seeking damages in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interests and costs. Pl.'s Resp. to Req. for Admission, att. to Notice of Removal, at p. 16. On February 22, 2011, the state court denied Defendant's Motion to Strike Plaintiff's Response to Admission, as untimely, thereby causing Plaintiff's Response to stand. Defendant removed the case to this Court on February 25, 2011, contending that removal was timely based upon the "other paper" provision of 28 U.S.C. § 1446(b). Plaintiff filed the present Motion to Remand [8-1] on April 8, 2011.

## II.  DISCUSSION

A.  <u>Standard of Review</u>

The time for filing a removal petition is governed by 28 U.S.C. § 1446(b), which provides in pertinent part as follows:

> [t]he notice of removal of a civil action or proceeding shall be filed within thirty days of the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion,

>order or other paper from which it may first be ascertained that the case is one which is or has become removable. . . .

28 U.S.C. § 1446(b).

It is well established that federal courts are courts of limited jurisdiction and, as such, removal statutes are subject to strict construction. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). Doubts about whether federal jurisdiction exists following removal must be resolved against a finding of jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)(citing *Willy*, 855 F.2d at 1164). The party seeking removal, Defendant in this case, bears the burden of establishing federal jurisdiction over the state court suit. *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005); *Willy*, 855 F.2d at 1164.

B.      Timeliness of Defendant's Removal under 28 U.S.C. § 1446(b)

In her Motion to Remand, filed within thirty days of the Notice of Removal, Plaintiff contends that 1) Defendant's removal was untimely pursuant to 28 U.S.C. § 1446(b); and 2) Defendant failed to establish that the amount in controversy exceeds the jurisdictional requirement. Mot. to Remand, at pp. 1-2. Plaintiff therefore asserts that remand is required.

Plaintiff's demand or damages sought was not clear from the face of her state court Complaint; therefore, this Court must analyze the timeliness of removal under the second paragraph of § 1446(b). Pursuant to the second paragraph of 28 U.S.C. § 1446(b), when a case is not initially removable on the complaint's face, a notice of removal must be "filed within thirty days after receipt by the defendant,

through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. . . ." 28 U.S.C. § 1446(b).

Plaintiff contends that the operative date for determining the timeliness of the removal here is August 26, 2010, when the Bankruptcy Court lifted the Automatic Stay. Pl.'s Mot. to Remand, at p. 1. Using this date, Defendant's Notice of Removal, filed on February 25, 2011, would be untimely. *See* Notice of Removal [1-1]. Defendant counters that the proper date to consider is February 2, 2011, the date on which Plaintiff denied that she was not seeking in excess of this Court's requisite jurisdictional amount. Using this date would make removal timely. *See* Resp. in Opp'n to Pl.'s Mot. to Remand, at pp. 3-5.

The Fifth Circuit has held that in order to promote judicial economy, "the information supporting removal in a copy of an amended pleading, motion, order or other paper must be 'unequivocally clear and certain' to start the time limit running for a notice of removal under the second paragraph of section 1446(b)." *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002). In order for a response to a request for admission to be considered an "other paper" within the meaning of § 1446(b), the information contained in the response supporting removal must be "unequivocally clear and certain." *Harden v. Field Memorial Comm. Hospital,* 265 Fed. App'x 405, 408 (5th Cir. 2008).

In the present case, Plaintiff unequivocally denied Defendant's Request for Admission. As such, her Response constitutes 'other paper,' and this action was

timely and properly removed.

### III.  CONCLUSION

The Court is of the opinion that the case became removable on February 2, 2011, the date on which Plaintiff signed responses to Defendant's discovery requests.  Therefore, Defendant's Notice of Removal was timely pursuant to the second paragraph of §1446(b).  For the reasons stated herein, the Court finds that Plaintiff's Motion to Remand must be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED**, that Plaintiff's Motion to Remand [8-1] the above styled and numbered cause to state court, filed April 8, 2011, should be, and hereby is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 20th day of May, 2011.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE